Kenneth L. ALLEN, Plaintiff—
Appellant,

v.

INTERNAL REVENUE SERVICE;
et al., Defendants—Appellees.

No. 03–15894.

D.C. No. CV–03–00070–DKD.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Michael R. Arkfeld, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, D. Brian Simpson, U.S. Department of Justice, Tax Division, Washington, DC, David E. Carmack, Esq., DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Anthony T. Sheehan, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, Kenneth L. Allen, Lake Montezuma, AZ, for Plaintiff–Appellant.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Kenneth L. Allen appeals pro se the district court's judgment dismissing his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-

Freedom of Information Act ("FOIA") action against the Internal Revenue Service ("IRS"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Allen contends on appeal that the judgment must be reversed on jurisdictional and procedural grounds. Allen's primary contention is that the magistrate judge acted without jurisdiction. The magistrate judge, however, had jurisdiction to rule on all non-dispositive, pretrial matters. *See* 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(a). Furthermore, after both parties had consented in writing to the magistrate judge's jurisdiction, the magistrate judge was authorized to enter a final order dismissing the action, and that order was appealable directly to the Court of Appeals. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73.

Contrary to Allen's contention, the district court's order that he file an amended complaint conforming to Local Rule 1.9(d) did not require him to omit his FOIA claim against the IRS. *See* D. Ariz. R. 1.9(d) ("Any party filing an amended pleading shall retype the entire pleading and may not incorporate any part of the preceding pleading, including the exhibits, by reference.").

Similarly, the district court did not prematurely dismiss Allen's action for failure to timely file the amended complaint. *See* Fed.R.Civ.P. 6(a) (intermediate weekend and legal holidays are omitted from the computation of time only when the time limitation is less than 11 days).

Contrary to Allen's contention, the district court's judgment dismissed only Allen's FOIA claim because Allen had previously voluntarily dismissed all of his other claims.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, the district court properly denied Allen's request to convene a three-judge court under 28 U.S.C. § 2284(a).

Allen's remaining contentions lack merit.

AFFIRMED.